# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| JERRY DINKINS, | ) |
| Petitioner, | ) |
| v. | ) NO. 3:19-cv-00909 |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## MEMORANDUM OPINION AND ORDER

Before the Court is Jerry Dinkins' Motion to Vacate, Set Aside, or Correct Sentence in Accordance with 28 U.S.C. § 2255 ("the Petition"). (Doc. No. 1.) Dinkins argues that his 18 U.S.C. § 924(j) conviction in case number 3:11-cr-00012-16 should be vacated because it was based on a "crime of violence" that can no longer be considered a crime of violence after the Supreme Court's decision in United States v. Davis, 139 S.Ct. 2319 (2019). (Doc. No. 1 at 3–6.) For the following reasons, the Petition will be granted.

**I.    BACKGROUND**

On June 26, 2015, Dinkins pled guilty to one count of the Second Superseding Indictment charging him with murder in the course of discharging a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. §§ 924(c) and 924(j) (Count 4). (Case No. 3:11-cr-00012-16, Doc. Nos. 2081 at 3–4; and 2596 at 4.) The Second Superseding Indictment specified that the "crime of violence" supporting Dinkins' § 924(c) charge was a "conspiracy to commit a Hobbs Act extortion and robbery." (Case No. 3:11-cr-00012-16, Doc. No. 2081 at 3–4.) Pursuant to the parties' Federal Rule of Criminal Procedure 11(c)(1)(C) Plea Agreement, Dinkins agreed to serve 300 months of imprisonment and the Government agreed to dismiss the remaining counts against

him, including two drug charges (Counts 1 & 2) and an independent Hobbs Act conspiracy (Count 3).[1] (Case No. 3:11-cr-00012-16, Doc. No. 2596 at 7, 14.) On May 16, 2016, Dinkins was sentenced to a total term of 300 months imprisonment. (Case No. 3:11-cr-00012-16, Doc. No. 2775 at 2.) Dinkins did not appeal his conviction or sentence.

On October 15, 2019, Dinkins filed a Motion to Vacate, Set Aside, or Correct Sentence, in Accordance with 28 U.S.C. § 2255 (Doc. No. 1), which the Court now understands was prepared by counsel (see Doc. No. 5). The Court appointed counsel and ordered briefing. (Doc. No. 4.) To date, the Government has not responded to the Petition.[2]

## II.    LEGAL STANDARD

Section 2255 provides that a federal prisoner who claims that his sentence was imposed in violation of the Constitution, among other things, "may move the court which imposed the sentence to vacate, set aside or correct the sentence." To obtain relief under § 2255, the petitioner must demonstrate constitutional error that had a "substantial and injurious effect or influence on

---

[1] Dinkins' Plea Agreement contained a detailed waiver of appellate and post-conviction rights, providing that Dinkins "knowingly waives the right to challenge the sentence imposed in any collateral attack, including, but not limited to, a motion brought pursuant to 28 U.S.C. § 2255" except in certain situations not relevant here. (Case No. 3:11-cr-00012-16, Doc. No. 2596 at 10–11.) Without conceding that Dinkins waived his right to collaterally attack his conviction, "the United States respectfully advises the Court and [Dinkins] that the government does not intend to enforce the 'Waiver of Appellate Rights' included in [Dinkins'] June 26, 2015[] plea agreement." (Doc. No. 8-1 at 1.)

[2] As explained in the Court's May 7, 2020 Order to Show Cause (Doc. No. 7), the Court's deadlines are to be taken seriously, and the Court expects all parties and their counsel to comply with them. However, the Court accepts counsel for the Government's apology for failing to meet the Court's deadlines and for not timely responding to the Court's April 14, 2020 Order about the waiver of appellate rights issue. (See Doc. No. 8.) The Court appreciates counsel's apology and has no reason to doubt his sincerity and genuineness. Counsel is highly respected in this district and has appeared before this Court countless times over the years, and the Court has never known him to act in bad faith or otherwise violate Court orders. Although counsel may have missed these deadlines inadvertently, the Court trusts counsel will take proper measures to ensure he does not commit a similar mistake in the future. Accordingly, sanctions are not warranted, and the Court will take no further actions at this time.

the guilty plea or the jury's verdict." Humphress v. United States, 398 F.3d 855, 858 (6th Cir. 2005) (quoting Griffin v. United States, 330 F.3d 733, 736 (6th Cir. 2003)).

**III.    ANALYSIS**

Dinkins moves to vacate his § 924(j) conviction as unconstitutional, arguing that the underlying crime of conspiracy to commit Hobbs Act robbery no longer qualifies as a "crime of violence" under the rule of United States v. Davis, 139 S.Ct. 2319 (2019). Although the Government has not filed a timely response to the Petition, the Court must still make an independent determination about whether Dinkins is entitled to relief. See Alder v. Burt, 240 F. Supp. 2d 651, 677 (E.D. Mich. 2003) (collecting cases and noting that default judgment is not available in habeas corpus cases); see also Melville v. United States, No. 2:06-cv-992, 2008 WL 2682853, at *1 (S.D. Ohio July 1, 2008) ("Even where a respondent fails entirely to respond to a § 2255 petition a federal District Court should ordinarily proceed to the merits of the claims rather than enter a judgment of default.").

Dinkins pled guilty to violating 18 U.S.C. § 924(j), which is a violation of 18 U.S.C. § 924(c) that results in murder caused by a firearm. As relevant here, § 924(c) makes it illegal to use or carry a firearm "during and in relation to" any federal "crime of violence." "The statute proceeds to define the term 'crime of violence' in two subparts—the first known as the elements clause, and the second the residual clause." Davis, 139 S.Ct. at 2324. According to § 924(c)(3), a felonious offense qualifies as a crime of violence if it "has an element the use, attempted use, or threatened use of physical force against the person or property of another" [i.e. the elements clause], or if "by its nature, [it] involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" [i.e. the residual clause]. 18 U.S.C. § 924(c)(3).

Given this background, Dinkins is entitled to his requested relief based on the following syllogism. The only "crime of violence" predicate offense for Dinkins' § 924(c) violation, and thus his § 924(j) conviction, was a conspiracy to commit Hobbs Act robbery. (Case No. 3:11-cr-00012-16, Doc. No. 2081 at 3–4.) Conspiracy to commit Hobbs Act robbery qualifies as a crime of violence only under the residual clause in § 924(c)(3)(B). See United States v. Ledbetter, 929 F.3d 338, 361 (6th Cir. 2019). And the residual clause in § 924(c)(3)(B) was deemed "unconstitutionally vague" by the Supreme Court's recent opinion in Davis, 139 S.Ct. at 2236. Thus, Dinkins' conviction was unconstitutional because conspiracy to commit Hobbs Act robbery can no longer qualify as a crime of violence under the now-invalidated residual clause in § 924(c)(3), and there is no qualifying predicate offense to support Dinkins' conviction under §§ 924(c) or 924(j). Accordingly, Dinkins' motion to vacate will be granted. See Ledbetter, 929 F.3d at 361.

## IV. CONCLUSION

For the foregoing reasons, Dinkins' Motion to Vacate, Set Aside, or Correct Sentence in Accordance with 28 U.S.C. § 2255 is **GRANTED**. Dinkins' conviction of murder in the course of discharging a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. §§ 924(c) and 924(j) (Case No. 3:11-cr-00012-16, Doc Nos. 2775, 2776), is **VACATED**. Dinkins is ordered discharged from custody.

This is a final order. The Clerk shall enter judgment in this case in accordance with Federal Rule of Civil Procedure 58. The Clerk shall also enter a copy of this Order and Judgment in Case No. 3:11-cr-00012-16.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE